**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOFAMA REO COLEMAN, | No.    15-55826 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-02343-VBF-RNB |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before:  GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Jofama Reo Coleman appeals from the district court's denial of his petition

for habeas relief under 28 U.S.C. § 2254.  As the parties are familiar with the facts,

we do not recount them here.  We have jurisdiction under 28 U.S.C. § 2253, and

we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The jury's receipt and consideration of extrinsic prior-arrest evidence did not have a "substantial and injurious" effect on the jury's verdict. *Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).[1] In the context of a juror-misconduct claim, the "appropriate inquiry is whether there was a direct and rational connection between extrinsic material and the prejudicial jury conclusion, and whether the misconduct relates directly to a material aspect of the case." *Mancuso v. Olivarez*, 292 F.3d 939, 953 (9th Cir. 2002). We consider

> (1) whether the extrinsic material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the jury discussed and considered it; (4) whether the extrinsic material was introduced before a verdict was reached, and if so, at what point in the deliberations it was introduced; and (5) any other matters which may bear on the issue of . . . whether the introduction of extrinsic material [substantially and injuriously] affected the verdict.

*Id.* at 951–52 (alterations in original) (quoting *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir. 1986)). As to the fifth factor, we further ask

> 1. whether the prejudicial statement was ambiguously phrased; 2. whether the extraneous information was otherwise admissible or merely cumulative of other evidence adduced at trial; 3. whether a curative instruction

---

[1] Because we conclude that any juror misconduct was harmless even under de novo review, *see Davis*, 135 S. Ct. at 2197–98, we do not reach the question whether Mr. Coleman's federal juror-misconduct claim was "adjudicated on the merits" by the California Court of Appeal such that AEDPA applies, *see* 28 U.S.C. § 2254(d).

was given or some other step taken to ameliorate the prejudice; 4. the trial context; and 5. whether the statement was insufficiently prejudicial given the issues and evidence in the case.

*Id.* at 952 (quoting *United States v. Keating*, 147 F.3d 895, 902–03 (9th Cir. 1998)).

Here, it is undisputed that inadmissible extrinsic material was received at the outset of the jury's deliberations and available throughout its deliberations, which lasted more than two full days. One juror wrote that she "kn[e]w for a fact that the details of this prior arrest influenced the jury's decision in determining the final verdict," and during the district court's post-trial hearings on this matter, four of the twelve jurors testified that some form of extrinsic criminal-history evidence had been mentioned during deliberations.

Still, all four of those jurors testified that the evidence was not discussed at length, and one recalled that the jurors were aware that they were not to consider that evidence. Moreover, the prejudicial information was phrased ambiguously, and although the trial court did not give a curative instruction specifically addressing the extrinsic evidence, the court did instruct the jury that they were to rely only on evidence received at trial. *See Mancuso*, 292 F.3d at 952.

Importantly, the state trial judge did not believe a new trial was warranted after listening to both the evidence at trial and the jurors' testimony at multiple post-trial hearings on the effect of the prior-arrest information. *See id.* at 953

3

(citing *United States v. Hanley*, 190 F.3d 1017, 1031 (9th Cir. 1999)). In denying Mr. Coleman's motion for a new trial, the trial judge stated that the evidence against Mr. Coleman was "overwhelming." In the context of this case, that conclusion requires an evaluation of the credibility of the eyewitnesses who identified Mr. Coleman as the driver of the van, and we have long recognized that trial courts are in the best position to evaluate the strength of live witness testimony on account of their "opportunity to view the demeanor of the witnesses." *United States v. Chesher*, 678 F.2d 1353, 1358 n.3 (9th Cir. 1982). For the same reason, the state court's post-trial findings regarding the jurors' impartiality are also entitled to great weight. *See id*.

As the extrinsic evidence did not have a substantial and injurious effect on the jury's verdict, we cannot award habeas relief on that ground.

2. As to Mr. Coleman's prosecutorial misconduct claim, the California Court of Appeal did not unreasonably apply federal law or rest its analysis on an unreasonable determination of fact. 28 U.S.C. § 2254(d). Given defense counsel's decision not to request a curative instruction, reflecting a judgment that the prosecutor's references to "booking" were an unfortunate but forgettable lapse, it was not unreasonable for the California Court of Appeal to conclude that those remarks did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181

4

(1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011). And as discussed above, in light of the trial court's post-trial factual findings, it was not unreasonable for the California Court of Appeal to conclude that the prosecutor's failure to redact the prior-arrest information did not irredeemably infect the trial with unfairness. *See Darden*, 477 U.S. at 181; *see also Richter*, 562 U.S. at 103. Therefore, habeas relief on Mr. Coleman's prosecutorial misconduct claim is barred by 28 U.S.C. § 2254(d).

**AFFIRMED.**